UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEKSEI ZOLOTUKHIN,<br><br>                           *Plaintiff*,<br>  -against-<br><br>ELATE MOVING NETWORK LLC,<br><br>                           *Defendant*. | Civil Action No.<br><br>**FLSA COLLECTIVE and RULE 23 CLASS ACTION COMPLAINT** |

## NATURE OF THE ACTION

1.  Plaintiff Aleksei Zolotukhin ("Plaintiff") alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), that defendant Elate Moving Network LLC ("Defendant") failed to pay Plaintiff and a proposed class of others similarly situated the required overtime pay of time and one-half for hours worked in excess of forty hours per week. Plaintiff and a proposed class are entitled to recover from Defendant: (1) unpaid overtime compensation; (2) liquidated damages on those amounts; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.  Plaintiff further alleges that, pursuant to the New York Labor Law "NYLL," they and a proposed class of other similarly situated employees are entitled to recover from Defendant: (1) unpaid overtime compensation; (2) liquidated damages for untimely wage payments; (3) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; and (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and

1337 and 1343 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because the Defendant maintains a place of business in this district and the majority of the conduct making up the basis of the complaint took place in this district.

## STATEMENT OF FACTS

5. In February 2023, defendant Elate Moving Network LLC ("Elate") hired plaintiff Aleksei Zolotukhin to work as a foreman/mover.

6. Defendant did not provide plaintiff any wage notice or similar document at the time of hiring or at any point thereafter informing him of his regular rate of pay and overtime rate of pay.

7. Elate has at least 50 employees in New York working as movers.

8. Plaintiff's job duties were to process paperwork related to moving, and move furniture from one place to another using a truck. He spent very little time on paperwork. Almost all of his working hours were spent moving furniture. He would work with a driver/mover, and 1-3 movers, in the truck.

9. Defendant Elate Moving Network LLC ("Elate") is a foreign limited liability company doing business in New York.

10. Elate maintained a business premises at 193 6th Street, Brooklyn, NY.

11. Elate provided paystubs to Plaintiff listing another address for itself: 305 Broadway, Floor 7, New York, NY 10007, tel: 212-920-4450.

12. Igor, a dispatcher and manager at Elate, hired Plaintiff to work as a mover.

13. On his first day of work, Igor welcomed him and did a makeshift orientation of policy and procedures.

14. Igor gave Plaintiff his number to call with any issues and saying he'd be the go-to for anything job-related. Igor mentioned Yuri, also known as Kevin, also had authority to address work issues.

15. Igor and Kevin were present at the business premises on a day to day basis and had authority with respect to decision making over employment policy and procedures, including work assignments, hours and compensation structure.

16. Plaintiff began working for the company in February 2023. Plaintiff was injured at work on or about June 19, 2023, and has been out on workers comp since that date with a complete disability and a medical restriction that he not work until a change in his health status.

17. Plaintiff was paid weekly, on an hourly basis.

18. Plaintiff was paid $18 per hour.

19. His schedule varied.

20. While he did receive pay stubs, the method of payment was unorthodox, to say the least. He was only paid for 40 hours via check; any additional hours were paid in cash. It was always a hassle to collect those extra cash payments.

21. He complained to Julia, the payroll worker, verbally and via texts multiple times.

22. Plaintiff also complained to Igor about improper wages and mistreatments.

23. His schedule was erratic, to say the least. Common practice was employees at this company are informed about the next day's hours just a day in advance. Sometimes Plaintiff would work two weeks straight without a day off and with no notice that such a long stint of continuous work was coming.

24. The schedules varied. Igor would text him what time he should be in the office before the workday. If Igor does not text him, he does not need to work. The office is located at

193 6th Street, Brooklyn, NY. When he arrives at the office, he, the driver, and helpers would go on routes to work.

25. He worked between 40-100 hours a week.

26. When he worked more than forty, he was paid $18 per hour in cash for those overtime hours.

27. The paystubs only indicate 40 hours worked, and are therefore incorrect as they fail to reflect all hours worked, overtime hours, and the overtime rate.

28. Overtime was frequent, but time-and-a-half for those extra hours was never paid.

29. In an industry where you're legally only supposed to drive a truck for 10 hours at a stretch, the Defendant made its employees including Plaintiff falsify logbooks such that 18 hour shifts were made to look like 8 hour shifts.

30. Plaintiff reported to Igor about safety issues of long driving. Igor did not address the safety issues.

31. Complaints about unfair wages or working conditions were either dismissed with excuses or met with retaliation including hours mysteriously and inexplicably reduced for those who complained.

32. Plaintiff was required to wear t-shirts, hoodies, and jackets, all emblazoned with Defendant's logo and other work insignia. The company paid for the uniform but did not offer to wash the uniforms, and did not pay uniform maintenance pay as required by the applicable wage order in New York.

33. Plaintiff was required to buy tools to perform work. He spent approx. $250 in buying tools.

**Collective Action Allegations**

34. Plaintiff brings this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly- situated employees are: All persons who worked as movers for Company in N.Y. during the period commencing three years prior to the filing of the action through the entry of final judgment in this action.

35. Upon information and belief, Defendant suffered and permitted Plaintiff and the Collective Class to work more than 40 hours per week without overtime compensation, and at a rate sometimes below the minimum wage.

36. Defendant's unlawful conduct has been repeated and consistent.

37. Plaintiff observed first hand cash payments made to other employees for overtime hours.

38. Plaintiff through conversations with other employees confirmed the practice of paying overtime hours in cash at regular rates was widespread and consistent throughout Elate's mover workforce.

39. Upon information and belief, Defendant knew that Plaintiff and the Collective Class performed work that required overtime pay. Defendant has operated under a scheme to deprive these employees of appropriate overtime compensation.

**Class Action Allegations**

40. Plaintiffs bring the New York law claims alleged herein as a class action on behalf of all persons who worked as movers for Elate in N.Y. during the six years prior to the filing of the Complaint.

41. The New York class claims may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure. The claims satisfy the requirements of Rule 23, and the proposed Class is easily ascertainable.

42. <u>Numerosity</u>: The Proposed Class is so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, and thereon allege, that during the relevant time period, Defendant employed over two hundred people who satisfy the definition of the New York Class Members.

43. <u>Typicality</u>: Plaintiff's claims are typical of those of the New York Class Members. Plaintiffs, like other Class Members, worked as Drivers for Defendant and were misclassified as independent contractors. Plaintiffs and the Class Members have all sustained similar damages in that they have been under-compensated due to Defendant's misclassification of them. Plaintiffs' duties were typical of the Class, and Plaintiffs were subject to the same common policies and practices by which Defendant controlled the conduct of other Class Members.

44. Adequacy: Plaintiff is a member of the Class, does not have any conflicts of interest with the Class, and will prosecute the case vigorously on behalf of the Class. Plaintiffs will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel competent and experienced in complex class actions, and in particular, misclassification litigation.

45. Commonality: There are questions of law and fact common to Plaintiff and the Class Members that predominate over any question affecting only individual members of the class. These common questions of law and fact include, without limitation:

   a. Whether Defendant has required, encouraged, or permitted the Class Members to work in excess of 40 hours per week;

   b. Whether Defendant knew or should have known that the Class Members regularly worked over 40 hours per week;

    c. Whether Defendant has failed to pay the Class Members overtime wages for time worked in excess of 40 hours per week in violation of NYSLL § 652 and 12 NYCRR § 142-2.2;

    d. Whether there was a practice of paying wages in cash?

    e. Whether Defendant has knowingly and intentionally failed to provide the Class Members with an annual notice for employees containing information regarding conditions and terms of employment, as required by NYSLL § 195; and

    f. Whether Defendant has knowingly and intentionally failed to provide the Class Members with itemized statements showing total hours worked with each payment of wages, as required by NYSLL § 195.

## STATEMENT OF CLAIM

### COUNT I

### Violation of the Fair Labor Standards Act

46. Plaintiff realleges and re-avers each and every allegation and statement contained in the preceding paragraphs.

47. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent forms is being filed with the Court. Plaintiff anticipates that other individuals will sign consent forms and join as Plaintiffs.

48. At all relevant times, upon information and belief, Defendant were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

49. Plaintiff and the Proposed Collective are each a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

50. At all relevant times, Defendant employed Plaintiff and the Proposed Collective within the meaning of the FLSA.

51. Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

52. Plaintiff and the Proposed Collective were entitled to be paid at the applicable federal minimum wage for all straight time hours worked.

53. Plaintiff and the Proposed Collective were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

54. Defendant failed to pay minimum wage or overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

55. At all relevant times, Defendant had, and continue to have a policy and practice of refusing to pay minimum wage.

56. At all relevant times, Defendant had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

57. Defendant knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Proposed Collective at the minimum wage and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiff and the Proposed Collective.

58.     Defendant has failed to make, keep and preserve records with respect to Plaintiff and the Proposed Collective sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

59.     Defendant failed to properly disclose or apprise Plaintiff and the Proposed Collective of their rights under the FLSA.

60.     As a direct and proximate result of Defendant's' violation of the FLSA, Plaintiff and and the Proposed Collective are entitled to liquidated damages pursuant to the FLSA.

61.     Due to the reckless, willful and unlawful acts of the Defendant, Plaintiff and the Proposed Collective suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

62.     Plaintiff and the Proposed Collective are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### Violation of the New York Minimum Wage Act

63.     Plaintiff realleges and re-avers each and every allegation and statement contained in the preceding paragraphs.

64.     Defendant employed Plaintiff and the Proposed Rule 23 Class within the meaning of New York Labor Law §§ 2 and 651.

65.     Defendant knowingly and willfully violated the rights of Plaintiff and the Proposed Rule 23 Class by failing to pay Plaintiff the applicable minimum wage for all straight

time hours worked and required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

66. Defendant failed to properly disclose or apprise Plaintiff and the Proposed Rule 23 Class of their rights under the New York Labor Law.

67. Defendant failed to furnish Plaintiff and the Proposed Rule 23 Class with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations.

68. Defendant failed to keep true and accurate records of hours worked by Plaintiff and the Proposed Rule 23 Class covered by an hourly minimum wage rate, the wages paid to Plaintiff, and other similar information in contravention of New York Labor Law § 661.

69. Due to the Defendant's New York Labor Law violations, Plaintiff and the Proposed Rule 23 Class are entitled to recover from Defendant the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours premium. Plaintiff and the Proposed Rule 23 Class are also entitled to reasonable attorneys' fees, costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

70. Plaintiff and the Proposed Rule 23 Class are entitled to liquidated damages pursuant to New York Labor Law§ 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## COUNT III

### Violation of the New York Labor Law – Unpaid Spread of Hours Premium

71. Plaintiff realleges and re-avers each and every allegation and statement contained in the preceding paragraphs.

72. Defendant knowingly and willfully operate their business with a policy of not paying their movers "spread of hours" premium for each day that he worked a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

73. At all times relevant to this action, Plaintiff and the Proposed Rule 23 Class were employed by Defendant within the meaning of the New York Labor Law §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

74. At all times relevant to this action, Plaintiff and the Proposed Rule 23 Class worked a spread of hours of more than ten (10) hours in a day for some or all days but Defendant failed to pay them an additional hour of pay for each such day in violation of the New York Minimum Wage Act, New York Labor Law § 650 et seq., including 12 NYCRR § 142.

75. Under the NYLL, an employee is entitled to earn an additional hour of pay at the "basic minimum hourly rate" for each day on which that employee works more than ten hours. 12 N.Y.C.R.R. § 142-2.4.

76. Spread of hours is defined as the length of the interval between the beginning and end of an employee's workday," which "includes working time plus time off for meals plus intervals off duty.

77. Due to Defendant's NYLL violations, Plaintiff and the Proposed Rule 23 Class are entitled to recover from Defendant, unpaid spread of hours compensation, maximum

liquidated damages, prejudgment interest, and attorneys' fees and costs of the action, pursuant to NYLL § 663(1).

## COUNT IV

### Violation of the New York Labor Law – Uniform Maintenance Pay

78. Plaintiff realleges and re-avers each and every allegation and statement contained in the preceding paragraphs.

79. The hourly rate paid by Defendant to Plaintiff and the Proposed Rule 23 Class was either the applicable minimum wage, or a rate that although above the minimum wage was effectively below the minimum wage when accounting for unpaid uniform maintenance pay, and/or unlawful deductions made by Defendant for the cost of required uniforms and work tools.

80. Plaintiff and the Proposed Rule 23 Class bring this claim to recover the cost of the uniforms; the cost of maintaining the uniform, as calculated by the Uniform Maintenance Pay Requirements set forth in 12 NYCRR 142-2.5(c); the amount of unpaid hours worked spent in maintaining uniforms; and the cost of the required work supplies.

81. Defendant's conduct is in violation of Article 19 of the New York Labor Law and its supporting regulations, including 12 N.Y.C.R.R. Part 142 the Minimum Wage Order for Miscellaneous Industries and Occupations and therefore entitles Plaintiff and the Proposed Rule 23 Class to recover compensatory damages for the cost of the uniforms and maintenance, plus liquidated damages, interest and attorneys fees and expenses.

**COUNT V**

**Violation of the New York Labor Law's Annual Wage Notice and Periodic Wage Statements Provisions**

82. Plaintiff realleges and re-avers each and every allegation and statement contained in the preceding paragraphs.

83. Defendant has willfully failed to supply Plaintiff and the Proposed Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as their primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

84. Through their knowing or intentional failure to provide Plaintiff and the Proposed Rule 23 Class with the wage notices required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

85. Defendant has willfully failed to supply Plaintiff and the Proposed Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift,

day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

86. Through their knowing or intentional failure to provide Plaintiff and the Proposed Rule 23 Class with the accurate wage statements required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

87. Due to Defendant's willful violations of NYLL, Article 6, § 195(1), Plaintiff and the Proposed Rule 23 Class are entitled to statutory penalties of fifty dollars each day that Defendant failed to provide Plaintiffs with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

88. Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff and the Proposed Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendant failed to provide Plaintiff and the Proposed Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## **PRAYER FOR RELIEF**

A. certifying the above-described New York Class as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. designating Plaintiff as representative of the Proposed Collective and the Proposed Rule 23 Class, and counsel of record as Class Counsel;

C. providing class notice to all Class Members;

D.  determining that this action may be maintained as a collective action under 29 U.S.C. § 216(b) of the FLSA and Rule 23 of the FRCP;

E.  declaring that the acts and practices complained of herein are in violation of the FLSA and the NYSLL;

F.  awarding Plaintiffs and the Class Members all unpaid wages due as a result of Defendant's violations of the minimum wage provisions of the FLSA and the NYSLL;

G.  awarding Plaintiffs and the Class Members all unpaid wages due as a result of Defendant's violations of the overtime provisions of the FLSA and the NYSLL;

H.  awarding Plaintiffs and the Collective Class Members liquidated damages under 29 U.S.C. § 216(b);

I.  awarding Plaintiff and the New York Class Members liquidated damages under NYLL § 663;

J.  awarding Plaintiff and the Class Members liquidated damages as provided for in NYSLL § 198;

K.  awarding Plaintiff and the New York Class Members an additional hour's pay at the minimum wage rate for each day on which Plaintiffs and the Class Members worked ten or more hours, as provided in 12 NYCRR § 142-2.4 and NYSLL § 663;

L.  awarding Plaintiff and the New York Class Members liquidated damages for all spread of hours pay pursuant to NYSLL § 663;

M.  awarding Plaintiff and the New York Class Members statutory damages per

    day/ week for each day/week Defendant failed to provide appropriate notification pursuant to NYSLL § 195;

N. reasonable attorneys' fees and costs incurred in the prosecution of this action;

O. prejudgment interest on all amounts; and

P. granting such other and further relief as this Court deems proper.

## JURY DEMAND:

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE AS OF RIGHT BY A JURY.

Dated: New York, NY
    October 19, 2023

**LAW OFFICE OF MOHAMMED GANGAT**

_____
Mohammed Gangat, Esq.
675 Third Avenue, Suite 1810,
New York, NY 10017
mgangat@gangatpllc.com
718-669-0714