**Law Office of Mohammed Gangat**  675 3rd Ave, Su 1810, NY, NY 10017
(718) 669-0714  mgangat@gangatpllc.com

**November 15, 2023**

<u>Via ECF</u>

Honorable Judge Judge John G. Koeltl
U.S District Court, Southern District of New York
500 Pearl St,
New York, NY 10007

**Re**: <u>**Aleksei Zolotukhin v. Elate Moving Network LLC,
Case No. 1:23-cv-09197-JGK**</u>

I am counsel for plaintiff Aleksei Zolotukhin ("Plaintiff") in the above-referenced action (the "Action").  I write in response to Your Honor's Order that I provide (a) the plaintiff's estimate of the reasonable possible recovery sought in the lawsuit, and (b) the necessary information to calculate the "lodestar cross-check," namely the time sheets for the attorney work performed, the usual hourly rate for the plaintiff's counsel, and a brief biography of any lawyers who worked on the case.  Your Honor ordered this information provided in order to allow the Court to do a Cheeks analysis after I filed a Cheeks motion seeking settlement approval.

(a)     Plaintiff's Estimate of Reasonable Possible Recovery

Plaintiff alleges he was employed from February 2023 to about June 19, 2023, which is about 20 week.  Plaintiff alleges that he worked between 40-100 hours per week, and was paid $18 per hour for all hours worked.  Assuming the allegations are true, and taking the average of the range of hours worked, which is 70 hours per week, or 30 overtime hours, the weekly unpaid overtime is 30 hours multiplied by $9 (overtime premium) = $270 per week.  Over the approximately 20 week period, the unpaid overtime comes to $5,400.  With liquidated damages the total comes to $10,800.  Plaintiff would also seek 9% prejudgment interest from the midpoint of the employment period which is less than $500.

Plaintiff also seeks to recover for unpaid uniform maintenance pay.  Plaintiff estimates this to be less than $200.

Plaintiff also seeks to recover statutory penalties for wage notice and wage statements and that is $10,000.

I submit that the recovery here of a $20,000 settlement is reasonable in light of the fact that it is more than the total recoverable on the overtime claim alone, and is about the total plaintiff could recover excluding an award of attorneys' fees.  That is a reasonable recovery given that the Plaintiff is avoiding the risk of a trial and failed judgment enforcement, and the time associated with taking a case to trial and collecting a judgment.

  (b) Attorney Bios and Time Entries

 In light of my extensive experience and qualifications representing New York employees in unpaid overtime cases, as well as my commitment to taking individual plaintiff cases on contingency, I submit that the comprehensive and diligent effort I have contributed to this case justifies the 33.33 percent attorneys' fee in this case.

 As a 2009 graduate of Georgetown Law School, I began practicing law in New York City in 2012 at the law firm of Dewey & LeBoeuf, and started my own practice in 2015 focused on representing employees in wage and hour actions. My experience and qualifications in this field are significant, as evidenced by my recent success in obtaining summary judgment on all issues in an unpaid overtime action in the New York State Supreme Court. Employers often successfully argue that even where they have no records, a trial is needed to determine the number of overtime hours worked each week. I adeptly countered this argument and successfully obtained summary judgment on all issues including the number of overtime hours worked each week. I am also familiar with the contingency nature of these cases and how to navigate that in terms of dealing with the reality that not every judgment results in cash and the fees and expenses of pursuing empty judgments results in significant losses.

 To date, I have dedicated approximately 13.5 hours to this case. I was committed and meticulous in my approach, being sure to collect all evidence, consider and review all possible claims and damages, and aggressively negotiate a settlement for my client. Enclosed as Exhibit A is a detailed account of my time investment, underscoring the depth and breadth of my involvement. In consideration of my extensive experience and the quality of work rendered, I propose a rate of $550 per hour. This rate is commensurate with my qualifications and the standard of service provided. Consequently, the lodestar amount totals $7,425. This figure is modestly higher than the $6,666.66 anticipated in attorneys' fees under the settlement, yet it reflects the fair value of the professional legal services I have rendered in this matter given the nature of contingency work.

 I thank the Court for its time and attention to this matter.

           Respectfully Submitted,
           Law Office of Mohammed Gangat

           _____
           Mohammed Gangat, Esq.