# Law Office of Mohammed Gangat

675 3rd Ave, Su 1810, NY, NY 10017
(718) 669-0714  mgangat@gangatpllc.com

November 7, 2023

> *The Clerk is directed to dismiss this case with prejudice in accordance with the attached settlement Agreement. The Court finds that the settlement, including the attorney's fees, is fair, reasonable and adequate. See also ECF No. 8. SO Ordered.*
>
> *JGK(rel)*
> *11/15/23   U.S.D.J.*

<u>Via ECF</u>

Honorable Judge Judge John G. Koeltl
U.S District Court, Southern District of New York
500 Pearl St,
New York, NY 10007

Re:  <u>Aleksei Zolotukhin v. Elate Moving Network LLC,
Case No. 1:23-cv-09197-JGK</u>

    I am counsel for plaintiff Aleksei Zolotukhin ("Plaintiff") in the above-referenced action (the "Action"). I am seeking your Honor's approval of the settlement of this Action, pursuant to the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

    This Action is brought by Plaintiff against Elate Moving Network LLC ("Defendant"), where he worked as a foreman and mover. The Complaint raises claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for unpaid overtime and other amounts due Plaintiff as a result of the Defendant's alleged violations of these wage-and-hour laws, including failure to pay overtime, failure to pay spread of hours (i.e., an additional hour of pay for each workday in excess of ten hours per day), failure to pay in a timely manner, and failure to provide wage notices and accurate wage statements.

    The parties to this Action negotiated a compromise settlement figure to resolve all claims, including attorneys' fees and costs, and the parties memorialized this in a written settlement agreement to resolve this Action (the "Agreement") that is now being submitted to Your Honor for approval. (A copy of the Agreement is attached hereto as Exhibit A).

## I. Legal Standard

    As the Court is aware, when Fair Labor Standards Act ("FLSA") claims are settled, the Second Circuit requires the Court to review and scrutinize settlement agreements to ensure fairness. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); *see also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

    The Second Circuit's ruling in *Cheeks* did not outline the factors for approving a settlement. It did, however, identify 'red-flag issues', such as if an agreement contains a confidentiality clause; the scope of the release and worries surrounding general releases; and counsel fees exceeding 40% of the settlement payment. *Cheeks*, 796 F.3d at 206.

    The parties' Agreement contains a release limited to wage and hour claims and contains no requirement for confidentiality. The attorney's fees are the usual and customary 33.33% of the

net settlement amount after expenses are deducted from the gross settlement amount. Thus, none of the red flags from *Cheeks* are present here.

The *Wolinsky* case set forth several factors to resolve "[t]he ultimate question" of "whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Wolinsky*, 900 F.Supp.2d at 335. As set forth below, a review of those factors support approval of the parties' settlement.

## II. Analysis of the *Wolinsky* Factors

The first factor is "the plaintiff's range of possible recovery." *Wolinsky*, 900 F.Supp.2d at 335 (citations omitted). Here, Plaintiff's counsel negotiated a settlement that provides a recovery greater than the amount Plaintiff's counsel calculated in unpaid overtime and liquidated damages. Thus, the amount here exceeds the possible recovery on the federal unpaid overtime claim, which is the only federal claim.

The second factor is "the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses." *Wolinsky*, 900 F.Supp.2d at 335 (quotations & citations omitted). This is a significant factor for settling. Plaintiff prefers the security of getting money now versus after conducting numerous party depositions (with the services of a translator), completing paper discovery, conducting expert discovery, and preparing and participating in an arbitration hearing. Plaintiff considers the settlement amount to be a favorable recovery and he will be able to obtain a significant recovery, without confronting the risks of arbitration. Plaintiff's circumstances are such that it is in his best interests to receive an expedient settlement payment, rather than further litigation in arbitration, and risk the ability to receive and collect a judgment.

Defendant wants to avoid the time and expense of defending this claim. Although Defendant disputes the factual allegations, and believes it has legal defenses to each claim, Defendant believes that the settlement is fair and reasonable because it will enable the parties to avoid further anticipated burdens and expenses, including discovery costs, motion practice, and attorneys' fees, which would be significant if the case were to go to hearing in arbitration. Additionally, Defendant has considered the fee shifting nature of the FLSA for attorneys' fees if Plaintiff were to prevail, which could result in a large fee award, even if damages were minimal. Furthermore, Defendant believes the proposed settlement is fair and reasonable because the settlement was negotiated at arms-length by competent counsel.

As to the third factor, which is "the seriousness of the litigation risks faced by the parties," *Wolinsky*, 900 F.Supp.2d at 335 (citations omitted), as per above, both parties gave serious consideration to the risks involved in continued litigation in arbitration. In that regard, both parties decided to enter into this settlement after a thorough review of those risks, including, for Plaintiff, the uncertainties inherent in litigation (in an arbitration forum) and the potential difficulties in securing a judgment. For Defendant, those risks included the expense of significant time and resources, disruption to its operations, and the risk of an adverse judgment.

The fourth factor is "whether the settlement agreement is the product of arm's-length bargaining between experienced counsel," *Wolinsky*, 900 F.Supp.2d at 335(quotations & citations omitted). As per above, this settlement is fully the product of arm's length bargaining between experienced counsel in wage and hour matters. The settlement is reasonable under all of the *Wolinsky* factors.

### III.   Reasonable Attorney's Fee

The attorney's fee is also reasonable as it represents 33.33 percent of the settlement amount. A one-third contingency fee is "commonly accepted in the Second Circuit in FLSA cases." *Najera v. Royal Bedding Co., LLC*, 2015 U.S. Dist. LEXIS 71877, at *7 (E.D.N.Y. June 3, 2015) (collecting cases). *See, e.g. Gaspar v. Pers. Touch Moving, Inc.*, 2015 U.S. Dist. LEXIS 162243, at *5 (S.D.N.Y. Dec. 3, 2015) ("Fee awards representing one third of the total recovery are common in this District"); *Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069, at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207, at *4 (E.D.N.Y. Sept. 19, 2013) (observing that in FLSA cases, district courts in the Second Circuit routinely approve of fees that amount to one-third of the total recovery). However, one-third is not the "'maximum fee percentage' that counsel may be awarded." *Fisher v. SD Protection Inc.*, 948 F.3d 593 (2d Cir. 2020). According to the Second Circuit, "[e]ven if helpful, however, the percentage of attorneys' fees cannot be the determinative factor in evaluating the reasonableness of the award." *Id.*

Employees who are denied wages that are due typically cannot afford reasonable hourly rates, and many solo practitioners are unwilling to risk their time and efforts to vindicate the rights of disenfranchised employees. The Plaintiff in this matter could not afford to pay usual and customary hourly fees to litigate this matter on his behalf. Due to these circumstances, Plaintiff's counsel represented Plaintiff on a full contingency. This is consistent with the fee-shifting policy incorporated into the FLSA.

In view of the foregoing, Plaintiff, on behalf of the parties, respectfully requests that the Court approve the Settlement Agreement and dismiss this matter with prejudice.

We thank the Court for its time and attention to this matter.

Respectfully Submitted,
Law Office of Mohammed Gangat

_____
Mohammed Gangat, Esq.